# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GLENDA R. KELLNER-HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3201-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Glenda Kellner-Houston seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

After careful review of the record, the Court holds the administrative law judge's decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence

is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Social Security Act, the regulations, applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

Plaintiff alleges she became disabled on December 27, 2005, at age 44 due to scoliosis, carpal tunnel syndrome, partial loss of her thumb, history of hysterectomies, toe problems, reflex sympathetic dystrophy ("RSD"), partial loss of liver due to surgery, heart murmur, history of fractured tail bone, weakness in the extremities, pelvic adhesion disease, loss of sensation in the

---

[1] The five-step process works as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

hands, muscle degeneration in the legs, chronic pain, depression, intestinal track problems, hypoglycemia, arthritis in the neck, severe allergies, and spinal bone spurs. R. at 144.

She complains the administrative law judge ("ALJ") erred in denying her application for SSI benefits, and the appeals council erred by not giving her appeal appropriate review. First, she argues the ALJ erred by finding that she does not suffer from a severe mental impairment, and then erred by giving too much weight to the opinion of a doctor who found she was malingering, and not enough weight to her other doctors' opinions. Finally, she contends the appeals council erred in not giving substantial consideration to the additional evidence she submitted on appeal. The Court holds there is no merit to these arguments.

**A.    The ALJ did not err in finding that Plaintiff did not suffer from a severe mental impairment.**

The ALJ's finding that Plaintiff's impairments were not severe is supported by substantial evidence on the record. An impairment is non-severe when it "does not significantly limit" a person's "physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). "Basic work activities" include the mental ability to understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers, and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. § 416.921(b)(3)-(6). An impairment can be considered non-severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987). The claimant bears the burden of proving that his impairment is severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). It is not particularly difficult to meet this standard, but the standard is not "toothless." *Id.* at 708.

In the case at hand, there is a range of evidence in the record concerning Plaintiff's mental abilities, some of which tends to support Plaintiff's allegations. The question for the Court, however, is whether there is substantial evidence in the record supporting the ALJ's determination, and there is.

Dr. Tammy Brown, Psy. D, and Dr. Rick Mizer, Psy. D, performed consultative psychological evaluations and concluded that Plaintiff's memory function, memory control, and social judgment were intact, and that Plaintiff appeared to have "no marked restrictions in her daily activities." R. at 237-38.

Plaintiff's treating physician, Dr. Ronald Glas, rated her mental abilities and found that with the exception of her "moderately" limited ability to maintain attention, perform activities within a schedule, and accept instruction and criticism from supervisors, she was "not significantly limited" or only "mildly" limited. R. at 314-16. Notably, she was not "markedly limited" in any of the twenty categories of mental abilities assessed. "Markedly limited" is defined as having an impairment that precludes the individual's ability to function effectively in the workplace on a regular and sustained basis.

Finally, Dr. Steven T. Akeson, Psy. D., performed a consultative psychological examination and concluded that Plaintiff had "adequate insight and judgment skills," appeared to be a "good historian of personal information," was well-oriented, and had "intact" mental functioning. R. at 426. Although he observed her attention functioning was "marginal," he also noted that her Test of Memory Malingering ("TOMM") score indicated "significant symptom exaggeration." R. at 426. He found she could understand, remember, and carry out complex tasks within normal tolerances on a sustained basis, could make complex work related decisions, could respond appropriately to supervision and co-workers, and could deal with changes in a

work setting. R. at 429. He concluded that "it appears she is significantly overreporting her symptoms to the extent that suggests malingering," and that her "ability to perform work-related functions appears unimpaired." R. at 427.

In writing his decision the ALJ also complied with regulation § 416.920a(c)(4) by specifically discussing his finding with respect to each of the four functional areas used in evaluating mental disorders. These findings are supported by the record. With respect to Plaintiff's activities of daily living, the ALJ found she had only mild limitations because she could read, write, use the telephone, handle mail, and handle money, which is consistent with Drs. Brown and Mizer's conclusions. R. at 16. The ALJ found Plaintiff's social functioning was only mildly limited, which is supported by Drs. Brown, Mizer, and Akeson's opinions, and Plaintiff's statements that she attended church regularly and visited family and friends frequently. R. at 17. Likewise, the ALJ's finding that her concentration, persistence, and pace, were mildly limited conforms with Dr. Akeson's findings and her own reports that she did not have trouble remembering. R. at 15, 171. Finally, the ALJ properly considered the fourth functional area, decompensation, noting that Plaintiff reported no episodes of decompensation. Given that Plaintiff had no more than a mild limitation in any of the first three functional areas and no limitation in the fourth, the ALJ's finding that Plaintiff's mental impairments were "not severe" is supported by the record. 20 C.F.R. § 416.920a(c)(4).

**B.     The ALJ's weighing of the various doctors' opinions was not erroneous.**

Next, Plaintiff argues that the ALJ erred in adopting an RFC determination that did not acknowledge any mental limitations. Plaintiff contends that to reach this conclusion the ALJ improperly disregarded or discounted the opinions of examining mental health specialists Drs. Brown, Mizer, and Bethany O'Neill, Psy.D, as well as the opinion of Plaintiff's treating

5

physician, Dr. Glas.  Plaintiff contends the ALJ's reasoning for giving less weight to these doctors' opinions is not supported by the record.

As an initial matter, the Court finds the ALJ did not disregard or discount Drs. Brown and Mizer's opinions; the ALJ considered them, indeed cited them in his finding that Plaintiff's mental impairments were non-severe.  The fact that a given claimant has some level of mental impairment does not mandate an award of benefits.  The mere presence of a mental disturbance does not automatically indicate a severe disability.  *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).  Instead, the determination turns on the severity of the actual limitations on the claimant's ability to perform basic work activities.  *Id.*  As discussed above these doctors opinions support the ALJ's finding that Plaintiff's mental impairments were not severe.  They do not establish any limitations on Plaintiff's abilities to perform basic work activities.

Additionally, the Court holds the ALJ did not improperly discount Dr. O'Neill's assessment.  An ALJ may discount a medical source opinion which is not based on objective psychological testing when it is inconsistent with other evidence on the record.  *See Lacroix v. Barnhart*, 465 F.3d 881, 887-88 (8th Cir. 2006).  Although Dr. O'Neill examined Plaintiff, he was not a treating physician and did not perform any objective testing, and his opinion is inconsistent with another examining doctor's opinion.  Dr. Akeson examined the Plaintiff and concluded that her work-related functions were unimpaired, but he had performed an objective test which indicated she was malingering.  The ALJ also explained in his decision his reasoning for giving Dr. Akeson's opinion greater weight, thus there is no error here.

The Court also finds no error with respect to the ALJ's treatment of Dr. Glas's opinion. Dr. Glas is a treating physician who was treating Plaintiff for depression and anxiety.  Plaintiff contends the ALJ should have given Dr. Glas's opinion greater weight.  "Although a treating

physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as [a] whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). A treating doctor's opinion is entitled to deference only when it is "well-supported by medically acceptable clinical laboratory diagnostic techniques and [is] not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008). Additionally, an ALJ may discount a checklist form completed by a treating physician when the checklist "cites no medical evidence" or "provides little to no elaboration." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). Here Dr. Glas completed a checklist that indicated Plaintiff had "moderately" limited ability to maintain attention, perform activities within a schedule, and accept instruction and criticism from supervisors, but he cited no medical evidence and provided no elaboration. R. at 314-16. Dr. Glas's conclusory opinion also conflicted with the opinions of several mental health specialists whose opinions were entitled to greater weight. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). Consequently the ALJ did not err in failing to give the Dr. Glas's opinion greater weight.

**C.     The Appeals Council did not err in refusing to remand the case on the basis of new and material evidence.**

After the adverse decision from the ALJ, Plaintiff submitted additional evidence to the Appeals Council. After reviewing the additional evidence, the Appeals Council denied Plaintiff's request for review. Plaintiff argues the Appeals Council erred by providing little explanation for denying the appeal and by failing to remand the case back to the ALJ for further proceedings.

As a threshold matter, there is no merit to Plaintiff's complaint that the Appeal Council's explanation for the denial was too short and lacked analysis. The Appeals Council does not have

to provide a detailed explanation for its discretionary decision to deny review in any given case. *Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (8th Cir. 2006). Here, the Appeal Council stated that it, "considered . . . the additional evidence," but found it did not "provide a basis for changing the Administrative Law Judge's decision." R. at 1-2. This is sufficient.

Additionally, Plaintiff's argument fails to apprehend how a federal court reviews an Appeals Council decision: A reviewing court does not evaluate the Council's denial of review, but simply "factor[s] in" the new evidence to determine whether the ALJ's decision is still supported by substantial evidence. *Flynn v. Chater*, 107 F.3d 617, 621-22 (8th Cir. 1997).

After factoring in the information provided by Plaintiff, the ALJ's decision is still supported by substantial evidence on the record. First, much of the subsequent additional information provided by Plaintiff was not, in fact, "new" or "material" as required under the regulations. 20 C.F.R. §§ 416.1185(a), 416.1190(a). For example, many of Dr. Glas's treatment notes that were submitted were not new, they were duplicates (R. at 497, 501-14, 516), and many of the records (R. at 12-23, 441-529), including the two additional psychological evaluations, were not material because they did not cover the relevant time period. *Fernandez v. Massanari*, 12 Fed. Appx. 620, 621-22 (9th Cir. 2001). Second, one of the additional psychological evaluations does not undermine the ALJ's overall finding that Plaintiff does not suffer from a severe mental impairment; it arguably bolsters it. In her interview with Dr. Sara Hollis, Psy. D., Plaintiff indicated that she did not understand why she had been sent to a psychologist because all of her problems were physical. R. at 458. When asked how she could be helped, she said, "I wish I could work again; body-wise I can't." R. at 458. Consequently, the Court cannot hold that the additional evidence supplied to the Appeals Council provides a basis for remanding this case back to the ALJ.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 14, 2011                              /s/ Greg Kays
                                                                       GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT